Robertson, Ch. J.
I cannot find enough evidence in this case to have gone to the jury upon the question of any agreement by the former owner of the furniture in question (Miss Osborne) to allow the defendant the use of it for a year, which formed the last defense set up in the answer. It is very plain that such furniture was only to be employed in furnishing the rooms occupied by such owner; and therefore to remain constantly in her possession. The defendant expressly testified that he was to give such owner and her sister the second floor of his house, and that her agent (Wood) was to furnish it, which he did by means of such furniture. The submission of any such question to the jury would therefore have been improper.
The former owner of such furniture testified that when she left the defendant’s house, she owed him nothing for board of herself or sister, and his receipt was produced for board to the time of her leaving. There was, therefore, *270 nothing due for which the defendant had any lien. Any liability under the agreement with the defendant for damages in not boarding, pursuant to it, would not be the subject of a lien, even if the special agreement did not altogether defeat, one. (Trust v. Pirsson, 1 Hilt. 292.) If the defendant had been an inkeeper, he clearly could not have detained the furniture in question for mere non-performance of an agreement to board in future with him, and the statute of April, 1860, (N. Y. Sess. Laws, 1860, ch. 446, p. 771,) only gives the keeper of a boarding house a lien upon and right to detain the baggage and effects of a boarder, for the amount which may be due iy him, to the same extent and in the same manner as innkeepers have them. Thus limiting the lien to that for board actually due, and not including board to become due under an agreement to board in future.
There was, therefore, no question left for the jury to pass upon, and the instruction to find a verdict for the plaintiff" was correct. I am not prepared to say what would have been the rule, if the evidence had clearly established an agreement or a lien. As the case stands, I concur in affirming the judgment and order appealed from.